08-3351-ag
Mekheel v. Holder

BIA
LaForest, IJ
A 096 262 196

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > **Circuit Judges**.

_____

FAWZY BOSHRA HAKEEM MEKHEEL,
> **Petitioner**,

> v.                                          08-3351-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]

> **Respondent**.

_____

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          Robert M. Birach, Detroit, MI.

**FOR RESPONDENT:**          Michael F. Hertz, Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Kristin K. Edison, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fawzy Boshra Hakeem Mekheel, a native and citizen of Egypt, seeks review of a June 9, 2008 order of the BIA denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fawzy Boshra Hakeem Mekheel*, No. A 96 262 196 (BIA June 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well-established. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007). Here, we find that the BIA's denial of Mekheel's application for withholding of removal and CAT relief is supported by

2

substantial evidence. The BIA reasonably determined that Mekheel failed to show that he was persecuted as a Coptic Christian by groups the Egyptian government was either unable or unwilling to control. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

Mekheel argues that our holding in *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005), precluded the BIA from giving adverse weight to the fact that Mekheel never reported any of the alleged incidents of persecution to the Egyptian authorities. However, the BIA reasonably noted that country reports contained in the record stated that "Egyptian authorities respond to reports of violence against Christians, which is not inconsistent with the opinion of the respondent's expert," and Mekheel points to no evidence overlooked by the BIA showing why it was unreasonable to require him to seek redress from the Egyptian government.

The BIA also did not err in relying on the 2002 Religious Freedom Report and the 2003 Country Report in its decision. While we have warned the immigration courts against placing excessive reliance on State Department Reports, we have held that the courts "may consider that evidence," but are "obligated to consider also any contrary

3

or countervailing evidence with which [they are] presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004). Here, the BIA considered contrary and countervailing evidence in the record; thus, it did not place excessive reliance on the State Department Reports. *See id.* Furthermore, while we have also warned against reliance on "outdated versions of State Department Reports," Mekheel never sought to submit new background country materials.

Mekheel also contends that the BIA's use of the phrase "purported expert witness affidavit" indicates that the BIA displayed "obvious" prejudice against his expert, Dr. Marshall. Petitioner's Brief at 21, 23. We will remand based on agency prejudice when the conduct "results in the appearance of bias or hostility such that [the Court] cannot conduct a meaningful review of the decision below." *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006)). Aside from the BIA's use of the word "purported," its decision gives no indication that it was in any way biased or hostile toward Dr. Marshall.

Finally, Mekheel argues that the BIA erred by reviewing the IJ's factual findings *de novo*, rather than under the required "clearly erroneous" standard. *See* 8 C.F.R. §§ 1003.1(d)(3)(i), (ii). However, the BIA properly noted that it reviews questions of law *de novo*. Accordingly, it was entitled to review *de novo* the question of whether Mekheel established that his fear was on account of groups that the Egyptian government was unable or unwilling to control, finding that it was not.

Because the BIA did not err in determining that Mekheel failed to establish his eligibility for withholding of removal, it did not err in denying his claim for CAT relief based on the same factual predicate. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5